United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andre D. Barbary, Movant, | ) |
| | ) |
| v. | ) Civil Action No. 16-62087-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | |

## ORDER ON RULE 60(b) MOTION TO VACATE

Barbary requests that the Court vacate its order adopting Magistrate Judge White's report and recommendation that Barbary's § 2255 motion was untimely (ECF No. 17.) The Government opposes the request. (ECF No. 18.) For the reasons set forth below, Barbary's motion to vacate is **denied**.

### 1. Background

Barbary filed his § 2255 motion on September 4, 2016 (ECF No. 1). ON October 4, 2016 Judge White issued his report, recommending that the Court deny Barbary's motion (ECF No. 6). Specifically, Judge White found that Barbary's motion was untimely, and thus, that Barbary was not entitled to relief. (*Id.* at 1, 7.) Barbary filed objections on October 21, 2016, (Objs., ECF No. 7), in which he argued that the time for filing the § 2255 motion should have been tolled. The Court determined that Barbary failed to make an adequate showing and was therefore not entitled to equitable tolling, and accordingly overruled his objections, adopted Judge White's report, and denied the § 2255 motion. (ECF No. 8.)

Thereafter, Barbary filed a Rule 59(e) motion (ECF No. 10), asking the Court to alter or amend its judgment, arguing for the first time that his Petition for Writ of Certiorari Rehearing was actually a "cross-petition" of his co-defendants' petitions for writ of certiorari. (Mot. at 2, ECF No. 10.) The Court denied the motion because Barbary did not present any ground to support alteration of its order adopting the report. (ECF No. 13.)

In the instant motion, Barbary attempts to argue once again, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, that his § 2255 motion was timely.

## 2. Legal Standard

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon, among other factors, "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970)).

"It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Id.* (citing *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

## 3. Discussion

Barbary's Rule 60 motion is yet another attempt to circumvent the applicable statute of limitations. In his motion, Barbary argues, for the first time, that the Court should have construed his Rule 33 motion for a new trial as a § 2255 motion because he is a *pro se* litigant, and his filings should be liberally construed. However, the Court previously rejected Barbary's attempts to re-characterize his motions, when it denied his Rule 59(e) motion. Even though Rule 33 and § 2255 motions overlap to a certain extent, the Court declines to adopt a position in this case, or in any other, that would require it to construe a Rule 33 motion as a timely § 2255 motion in the circumstances that a petitioner's actual § 2255 motion is filed after the one-year statute of limitations imposed by AEDPA. *See Barnes v. United States*, 437 F.3d 1074, 1080 (11th Cir. 2006) (finding that notwithstanding "the potential pitfalls of

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

permitting similar or identical claims to be pursued in Rule 33 and § 2255 motions, [] we concluded that the system, as it has been set forth by Congress, is adequately dealt with by the district courts. The standards for granting relief . . . are quite different, but the filing deadlines for each are, and for the time being remain, independent of one another.") (internal citation omitted). Contrary to Barbary's assertion, *Francis v. United States*, 615 F. App'x 218, 218 (5th Cir. 2015), does not stand for the proposition that any post-appeal collateral challenge is presumptively a § 2255 motion. In fact, *Francis* states only that § 2255 is the main vehicle through which to raise a collateral challenge to a federal sentence. *Id.* (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Barbary next asks the Court to stack assumption upon assumption, and in reading his Rule 33 motion properly as a § 2255 motion, urges the Court to find that his otherwise untimely § 2255 motion should have been construed as an amendment of his timely re-characterized § 2255 motion. However, because the Court declines to re-characterize Barbary's Rule 33 motion as a § 2255 motion in the first instance, the Court need not consider the merits of this argument.

The procedural history of this case remains unchanged—Barbary failed to timely file a motion to vacate his sentence, and has not made a showing of sufficiently "extraordinary circumstances" to justify granting relief pursuant to Rule 60(b)(6). Accordingly, Barbary's motion (**ECF No. 17**) is **denied**.

**Done and ordered** in chambers, at Miami, Florida, on September 5, 2017.

_____
Robert N. Scola, Jr.
United States District Judge