United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andre D. Barbary, Movant, | ) |
| | ) |
| v. | ) Civil Action No. 16-62087-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | |

## Order Denying Motion for Reconsideration

Barbary requests that the Court reconsider its order denying his Rule 60(b) motion (ECF No. 21). For the reasons set forth below, Barbary's motion for reconsideration is **denied**.

The present motion constitutes Barbary's fourth attempt to argue around the applicable statute of limitations. As he did in his Rule 60(b) motion, (ECF No. 17), Barbary contends that his Rule 33 motion for a new trial was functionally a timely § 2255 motion, which in turn made his untimely § 2255 motion a timely Rule 15(c) motion to amend. *See* Mot. at 1. The Court previously rejected in its previous order Barbary's suggested interpretation of the procedural history in this case and the applicable law. *See* (ECF No. 21).

"A motion for reconsideration cannot be used to relitigate old matters . . . ." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal citation and quotations omitted). Instead, a motion for reconsideration remains appropriate where "(1) an intervening change in controlling law has occurred, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent a manifest injustice." *Barr v. Harvard Drug Grp., LLC*, No. 13-CV-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (Marra, J.) (internal citation and quotations omitted). "The moving party must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse a prior decision." *Id.* (internal citation omitted).

Barbary's motion does not meet any of the three factors required for this Court to grant a motion for reconsideration. Barbary's motion simply restates the arguments contained in his previous motion, which amount to "mere disagreement" with the Court, and therefore do not support the granting of a motion to reconsider. *See Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013)(Goodman, J.) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and

resources and should not be granted.") (internal citation and quotations omitted).

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** the motion for reconsideration (**ECF No. 22**).

**Done and ordered** at Miami, Florida, on October 12, 2017.

_____
Robert N. Scola, Jr.
United States District Judge